UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| RICKY CARTHAN, SR.<br>    LA. DOC #90493<br>VS. | CIVIL ACTION NO. 08-1821<br><br>SECTION P<br>JUDGE TRIMBLE |
| WARDEN BURL CAIN | MAGISTRATE JUDGE KAY |

## REPORT AND RECOMMENDATION

*Pro se* petitioner Ricky Carthan, Sr., filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 on November 20, 2008. Petitioner is an inmate in the custody of Louisiana's Department of Corrections; he is incarcerated at the Louisiana State Penitentiary, Angola, Louisiana. He attacks his 1998 conviction for possession of stolen property, his subsequent adjudication as an habitual offender, and the life sentence imposed by the Thirty-Sixth Judicial District Court, Beauregard Parish. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court. For the following reasons it is recommended that the petition be deemed second or successive and TRANSFERRED to the United States Fifth Circuit Court of Appeals for further proceedings in accordance with the provisions of 28 U.S.C. § 2244(b)(3)(A).

*Background*

On August 18, 1998 petitioner was convicted of felony grade possession of stolen

property in the Thirty-Sixth Judicial District Court. On December 21, 1998 he was adjudicated as an habitual offender[1] and sentenced to life imprisonment. His conviction and sentence were affirmed on direct

appeal. *Louisiana v. Ricky Carthan* 765 So.2d 357 (La. App. 3 Cir. 12/8/1999), *writ denied* 778 So.2d 547 (La. 2001), *reconsideration denied* 788 So.2d 438 (La. 2001). He unsuccessfully sought post-conviction relief in the Louisiana courts, and on August 2, 2004 he filed a petition for writ of *habeas corpus* in this court. *Ricky Carthan, Sr. v. Burl Cain, Warden*, No. 2:04-cv-1625, rec. docs. 1 (petition); 5 (Report and Recommendation); 7 (Judgment of the district court); and 16 (Judgment/Order of the Fifth Circuit Court of Appeals). On March 15, 2005 his petition was dismissed with prejudice as time-barred by the provisions of 28 U.S.C. § 2244(d). His request for a Certificate of Appealability was denied by the United States Fifth Circuit Court of Appeals on December 14, 2005.

Petitioner filed the instant petition attacking the same judgment of conviction and adjudication on November 20, 2008. Since it is clear that the instant petition attacks the same conviction that petitioner attacked in his previous petition for writ of *habeas corpus*, his current petition must be considered second or successive.

Before a successive petition is filed in district court, the petitioner must move in the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3). Petitioner has not sought and received authorization to file a second or successive petition from the Fifth Circuit Court of Appeals, therefore, this court lacks jurisdiction to consider his petition. *See Burton v. Stewart*, 549 U.S. 147, 157, 127 S. Ct. 793,

---

[1] Pursuant to Louisiana Revised Statute 15:529.1.

799, 166 L. Ed. 2d 628 (2007); *Hooker v. Sivley*, 187 F.3d 680, 681-82 (5th Cir.1999).

Petitioner must comply with the statute and obtain an order from the Fifth Circuit Court of Appeals authorizing this court to consider his claims. In *In re Epps,* 127 F.3d 364 (5th Cir.1997), the Fifth Circuit adopted a procedure which might be employed when a successive petition is filed in the district court. *Epps* suggests that the transfer of successive *habeas corpus* petitions to the Fifth Circuit for consideration under § 2244 is appropriate.

Accordingly, for the above reasons,

**IT IS RECOMMENDED** that petitioner Ricky Carthan's second and successive Application for Writ of *Habeas Corpus* be TRANSFERRED to the United States Fifth Circuit Court of Appeals in accordance with 28 U.S.C. § 2244(b)(3) for further proceedings by that court.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415 (5th Cir. 1996).

Thus done and signed in chambers in Lake Charles, Louisiana February 3, 2009.

_____
**KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE**